IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| BRANDON BOYCE, | ) | 8:13CV73 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| CITY OF OMAHA, JOHN DOE, Police Officers, DONALD KLEINE, CREIGHTON MED CENTER, SCOTT SLADEK, Douglas County Public Defender, and EDNA ATKINS, | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on March 5, 2013. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

### I. SUMMARY OF COMPLAINT

Plaintiff filed his Complaint against the City of Omaha, Creighton Medical Center, "John Doe Police Officers" and three named individuals. (Filing No. 1 at CM/ECF p. 1.) Plaintiff sues the individual defendants in both their official and individual capacities. (*Id*. at CM/ECF p. 4.) Plaintiff is a nonprisoner who resides in Omaha, Nebraska. (*Id*. at CM/ECF p. 1.)

Plaintiff alleges Defendants "Dogged Dogged [him] around in 2010" after he showed up at Creighton Medical Center with a gunshot wound. (*Id*. at CM/ECF p. 2.) More specifically, Plaintiff alleges that Defendants tried to "Browbeat Harangue Bulldog-Bullshit [him] into pleading guilty" to a gun charge in exchange for

dismissing a habitual criminal charge. (*Id*. at CM/ECF p. 3.) Plaintiff ultimately pled guilty to possessing drugs that were "found on him at [the] hospital." (*Id*. at CM/ECF p. 4.) Plaintiff's seeks $100,000,000.00 in monetary damages. (*Id*. at CM/ECF p. 2.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

Plaintiff's Complaint is captioned as a civil action brought pursuant to 42 U.S.C. § 1983. (Filing No. 1.) "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Here, Plaintiff has failed to specify a constitutional right or federal law that Defendants violated. (Filing No. 1.) To the extent he is challenging the validity of his plea agreement, he must do so in a habeas corpus or similar proceeding. Indeed, claims relating to the validity of an individual's incarceration may not be brought in a civil rights case, regardless of the relief sought. As set forth by the Supreme Court in *Preiser v. Rodriguez*, 411 U.S. 475 (1973) and *Heck v. Humphrey*, 512 U.S. 477 (1994), if success on the merits of a civil rights claim would necessarily implicate the validity of a prisoner's conviction or continued confinement, the civil rights claim must be preceded by a favorable outcome in a habeas corpus or similar proceeding in a state or federal forum. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. *See Heck*, 512 U.S. at 486-87; *see also Woodward v. Paige*, 106 F.3d 414 (10th Cir. 1997) (unpublished) (upholding district court's dismissal of civil rights claims premised on a coerced guilty plea because such claims directly challenged the validity of the plaintiff's convictions).

To the extent that Plaintiff is attempting to assert a malicious prosecution or abuse of process claim relating to his plea negotiations, his Complaint must also be dismissed. Malicious prosecution and abuse of process are state law torts, and assertions of state law torts are insufficient to state a § 1983 violation. *See, e.g., Pace v. City of Des Moines*, 201 F.3d 1050, 1055 (8th Cir. 2000) ("It is well established in this circuit that '[a]n action for malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury.'" (quoting *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 977 (8th Cir. 1993)); *see generally Watkins v. Solem*, 571 F.2d 435, 436 (8th Cir. 1978) (recognizing as "constitutionally legitimate the simple reality that the prosecutor's interest at the bargaining table is to persuade the defendant to forego his right to plead not guilty"). Accordingly,

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice.

2.     A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 23rd day of April, 2013.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

4